

| | |
|---|---|
| TAMARA DOWNEN, Individually and as Personal Representative for the ESTATE OF STANLEY L. DOWNEN, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA VETERANS' HOME; STATE OF MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES; CITY OF COLUMBIA FALLS; MIKE JOHNSON and DAVID G. PERRY,<br><br>Defendants. | CV 13–121–M–DWM<br><br>ORDER |

Plaintiff Tamara Downen is suing the City of Columbia Falls, Mike Johnson, and David Perry (collectively "City Defendants") as well as Montana Veterans' Home and the State of Montana Department of Health and Human Services (collectively "State Defendants"), alleging injury arising out of a tasing incident involving her now deceased grandfather, Stanley Downen ("Downen"). Pending are numerous motions in limine filed by Plaintiff as well as Plaintiff's motion for spoilation sanctions. (Doc. 30.) For the reasons discussed below,

1

Plaintiff's motions in limine are granted in part, denied in part, and ruling is reserved in part. Plaintiff's motion for spoliation sanctions is denied.

## I. Motions in limine

The purpose of a motion in limine is to obtain a ruling on the admissibility of evidence prior to trial. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Such a motion should only be granted if

> the evidence [is] inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. . . [A] court is almost always better situated during the actual trial to assess the value and utility of evidence.

*Goodman v. Las Vegas Metro. Police Dept.*, ___ F. Supp. 2d ___, 2013 WL 4006159, at *4 (D. Nev. 2013). Such ruling are provisional and "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000) (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to the trial. Denial merely means that without the context of trial, the court is unable to determine whether

the evidence in question should be excluded." *Goodman*, at *4.

IT IS ORDERED:

Plaintiff's motion in limine # 1 to exclude evidence or testimony regarding Downen's prior criminal convictions is GRANTED.

Plaintiff's motion in limine # 3 to exclude evidence or testimony related to other members of the Downen family, including drug or alcohol use, is GRANTED.

Plaintiff's motion in limine #4 to exclude evidence or testimony that the motive for Plaintiff's suit is monetary is GRANTED. *Cf. Dahlin v. Holmquist*, 766 P.2d 239, 241 (Mont. 1988) (holding the state trial judge abused his discretion by allowing the introduction of evidence of secondary gain).

Plaintiff's motion in limine # 6 to exclude evidence or testimony regarding apportionment of injuries is DENIED.

Plaintiff's motion in limine # 7 to exclude comment, evidence, or testimony regarding the identity of their attorneys or their cases is DENIED subject to proper objection at trial if the issue is raised. It would be inappropriate to mention experience with the Buffalo Bills, Randy Moss, or any other failed effort regarding football or football players.

Plaintiff's motion in limine # 8 to exclude evidence or testimony referencing

motions in limine is GRANTED.

The Court RESERVES JUDGMENT until trial regarding Plaintiff's motions in limine # 2 (to exclude evidence or testimony regarding specific instances of Downen's episodes of violent outbursts which are unrelated to the tasing incident), and # 5 (to exclude evidence or testimony from Columbia Falls Police Officers regarding Downen's medical condition).

## II. Motion for Spoilation Sanctions

Plaintiff wants sanctions due to a claimed spoliation of evidence. She insists the Columbia Falls Police Department failed to: (1) record the incident with Mr. Downen, (2) identify and take statements from eyewitnesses, and (3) preserve the rocks Mr. Downen carried. Plaintiff's motion is denied.

"Spoilation" is defined as "[t]he intentional destruction, mutilation, alteration, or concealment of evidence[.]" *Blacks Law Dictionary*, 1531 (Bryan Garner, ed., 9th ed., West 2009). A district court may, under its inherent power to control litigation, levy sanctions for the spoliation of evidence. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Sanctions may be levied only when a party knew, or reasonably should have known, that the spoliated evidence was potentially relevant to a claim. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). "Bad faith" is not required to justify the imposition of sanctions for

the spoliation of evidence. *Id.* ("Surely a finding of bad faith will suffice, but so will simple notice of 'potential relevance to the litigation.'").

Restraint and discretion must be exercised in imposing sanctions for the spoliation of evidence. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, (1980). If there is spoliation, the court should fashion a sanction that:

(1) sufficiently penalizes the spoliating party. *Natl. Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976);

(2) has a sufficient deterrent value to the immediate spoliating party and future litigants. *Id.*;

(3) sufficiently cures any prejudice to an affected party by restoring that party to the position it would have been in but for the spoliation. *See Unigard Security Ins. Co. v. Lakewood Engg. & Mfg. Corp.*, 982 F.2d 363, 369 (9th Cir. 1992); *Kronisch v. United States*, 150 F.3d 112, 126 (2nd Cir. 1998);

(4) sufficiently restores the accuracy of the fact-finding process. *Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 167 F.R.D. 90, 106 (D. Colo. 1996); and

(5) places the risk of an erroneous judgment on the spoliating party. *Kronisch*, 150 F.3d at 126.

Measured by these standards are two questions: has spoliation occurred and, if so, whether a sanction should be imposed.

## A.   Failure to Record

Plaintiff argues spoliation on the grounds that the officers failed to record the incident prior to the tasing. Plaintiff relies on *Peschel v. City of Missoula*, 664 F. Supp. 2d 1137, 1143 (D. Mont. 2009), where this Court held the city had a duty, under Montana law, to preserve an existing video recording of Peschel's arrest. Judge Lynch further found the duty remained following the criminal proceedings as it was reasonably foreseeable that civil litigation would ensue. *Peschel*, 664 F. Supp. 2d at 1143 (citing *State v. Swanson*, 722 P.2d 1155, 1158 (Mont. 1986)). Here, no recording was ever made.

There is a difference between collecting and preserving evidence. As noted by Judge Lynch in his 2008 ruling based on the incident involving Peschel,

> The circumstances of a criminal investigation and prosecution, and the associated collection of evidence, impose various obligations on law enforcement officers to preserve and disclose evidentiary matters to an accused. The Court is mindful of the criminal rule declaring that law enforcement officers have no duty to gather exculpatory evidence on behalf of a criminal defendant. Nonetheless, there is a distinction between gathering evidence and preserving evidence. Therefore, once potentially exculpatory evidence is gathered or collected by the police, and is in the police officers' possession, then the officers are obligated to preserve such "possible" exculpatory evidence; the police have a duty to see to its safekeeping so that a defendant can exercise his or her right

to gather possible exculpatory evidence.

*Peschel v. City of Missoula*, at 2008 WL 5131369, at *14 (D. Mont. December 5, 2008) (internal citations and quotation marks omitted); *see also Swanson*, 722 P.2d at 1158 ("Once the sample was taken from Swanson, the police had a duty to see to its safekeeping.") Here, the evidence in question was never "collected" as the events leading up to the tasing were not recorded. Although the officers have a duty to preserve such evidence once obtained, they did not have a duty to obtain it. Therefore, the imposition of sanctions on these grounds is inappropriate.

### B.  Failure to Identify Eyewitnesses

Plaintiff contends the Columbia Falls Police Department failed to preserve potentially exculpatory evidence when it failed to collect independent, eyewitness statements. Eyewitnesses were present at a nearby baseball field, however, officers did not take their statements. To the extent Plaintiff relies on the "preservation" duty outlined in *Swanson*, the failure to identify eyewitnesses or take their statements does not amount to spoliation for the reasons discussed above. Once again, there is a distinction between the collection and preservation of evidence. *See Peschel*, 2008 WL 5131369, at *14. Therefore, sanctions would also be inappropriate based on these facts.

### C. Failure to Preserve Rocks

Plaintiff argues the Columbia Falls Police Department failed to preserve the rocks Downen was holding during the incident with the officers. Of the three spoliation arguments raised by Plaintiff, this is the only one involving an item the officers obtained and thus had a duty to preserve. Although City Defendants concede the rocks were not kept, they maintain the photographs the officers took of the rocks are sufficient. Plaintiff argues the photograph does not give an accurate indication of weight or substance. Although the failure to preserve the rocks after they were collected and photographed amounts to spoliation under *Peschel* and *Swanson*, sanctions are not warranted as the available evidence is sufficient to protect against prejudice and allow for accuracy in the fact-finding process. This ruling does not preclude cross-examination or argument about the weight of available evidence or the duty to preserve.

Contrary to Plaintiff's argument, the photograph of the rocks includes a ruler for scale, providing an accurate depiction of size. (Doc. 45-1.) Unlike the situation in *Peschel*, the failure to preserve the rocks does not leave the fact-finder empty-handed. Rather, an objective measure of the evidence still exists. In *Peschel*, Judge Lynch correctly determined that because the only remaining evidence was potentially differing accounts by witnesses, the evidence that was

8

lost could not be sufficiently replicated. 664 F. Supp. 2d at 1144-45 (noting that "each [witness] characterizes [the force used] in a somewhat different manner."). Although the witnesses in this case are likely to characterize the nature of the rocks differently—either as "weapons" or merely as "rocks"—the photograph taken by the officers provides an objective measure that grounds the Parties' respective characterizations. The photograph will allow the jury to determine the proper characterization of the rocks based on all the evidence and argument presented.

Accordingly, IT IS ORDERED that Plaintiff's motion for spoliation sanctions is DENIED.

Dated this 6th day of January, 2014.

Donald W. Molloy, District Judge
United States District Court