# GENERAL RELEASE

| | |
|---|---|
| **RELEASOR:** | TAMARA DOWNEN, individually and as Personal Representative for the ESTATE OF STANLEY L. DOWNEN, Deceased. |
| **RELEASEES:** | MONTANA VETERANS' HOME, the STATE OF MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, and THE STATE OF MONTANA |
| **DATE OF OCCURRENCE:** | ON OR ABOUT MAY 2012 THROUGH JUNE 1, 2012 |
| **DESCRIPTION OF OCCURRENCE:** | ALLEGED LIABILITY AND INJURY REGARDING THE ACCEPTANCE, ADMISSION, CARE AND SUPERVISION OF STANLEY DOWNEN. THIS INCLUDES BUT IS NOT LIMITED TO ALL CLAIMS ALLEGED IN, OR WHICH COULD HAVE BEEN ALLEGED IN, THE COMPLAINTS FILED IN CAUSE NO. CV-13-121-M-DWM. |
| **SUM OF SETTLEMENT:** | TWENTY-THOUSAND NO/100S DOLLARS ($20,000.00) |
| **CLAIM:** | |
| **CAUSE No.** | U.S. DISTRICT COURT, MISSOULA DIVISION, CAUSE NO. CV-13-121-M-DWM |

## 1. Release

The undersigned Releasor acknowledges receipt of the above sum of money and in consideration for payment of such sum, fully and forever releases and discharges Releasees, Releasees' heirs, representatives, successors, assigns, agents, partners, employees and attorneys from any and all actions, claims, causes of action, demands, or expenses for damages or injuries, whether asserted or unasserted, known or unknown, foreseen or unforeseen, arising out of, related to or resulting from the above-described Occurrence.

## 2. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the Occurrence described above may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasor agrees, as a further consideration of this agreement, that this Release applies

to any and all injuries, damages and losses resulting from the Occurrence described above, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

**3. Claims Handling Release**

Releasor further releases the State of Montana from all obligations applicable to Releasor's claims and from any and all claims arising out of the investigation, handling, adjusting, defense or settlement of the claim.

**4. No Admission of Liability**

It is agreed and understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by Releasees nor the negotiations for settlement shall be considered as an admission of liability.

**5. Lien/Subrogation Satisfaction and Indemnification**

Releasor agrees that she will use the above-referenced Sum of Settlement to satisfy any and all liens, claims for repayment of medical or other expenses, reimbursement rights for any conditional payments, or any claimed rights of subrogation. This includes any lien or conditional payment amount in favor of or asserted by or on behalf of Stanley Downen's insurers or Medicare/Medicaid. Releasor and Releasor's undersigned attorneys further agree to set aside a portion of the above-referenced Sum of Settlement sufficient to satisfy any medical liens or subrogation claims, including the full amount of any conditional payments (or the total amount of the Sum of Settlement, whichever is less) claimed by Medicare/Medicaid. Releasor and Releasor's undersigned attorneys will not distribute this set aside portion of the Sum of Settlement until any medical liens, Medicare conditional payment amounts or subrogation claims are fully satisfied. Releasor further agrees to defend and indemnify Releasees and their attorneys from and against all lien, subrogation or reimbursement claims related to this claim or settlement, including payment of attorney fees and costs incurred in responding to any lien, subrogation or reimbursement claims.

In addition to the indemnification set forth in the previous paragraph, Releasor agrees to indemnify and hold harmless Releasees and their attorneys from any future claims that may be made by any agency, entity or person as a result of Releasor's failing to comply with any notice, reporting, conditional payment or set aside requirements. Releasor further agrees to be fully responsible for any and all penalties, fines, or damages to Releasees that may result from or be due to or claimed due to Releasor's failure to comply with Medicare, Medicaid or other federal or state laws. The indemnification agreed to here includes payment of all attorney's fees and other expenses incurred in responding to any such claim.

### 6. No Additional Claims

Releasor represents that no additional claims are contemplated against any other party potentially liable for the losses, damages, and injuries for which this Release is given. In the event any additional claim is made which directly or indirectly results in additional liability exposure to Releasees for the losses, injuries, and damages for which this Release is given, Releasor covenants and agrees to indemnify and save Releasees harmless from all such claims and demands, including reasonable attorneys fees and all other expenses necessarily incurred.

### 7. Stipulation for Dismissal With Prejudice

Releasor stipulates and agrees that Releasor's attorney of record shall dismiss with prejudice, as fully settled upon the merits, any civil action filed against Releasees related to or resulting from the above-described Occurrence, including Cause No. CV-13-121-M-DWM.

### 8. Disclaimer

Releasor has carefully read the foregoing, discussed its legal effect with Releasor's attorney, understands the contents thereof, and signs the same of Releasor's own free will and accord.

This Release shall be binding upon Releasor's heirs, successors, personal representatives and assigns.

### 9. No Reliance by Releasor re: Legal or Tax Advice

Releasor warrants, represents and agrees that Releasor is not relying on any advice or representations of Releasees or their attorneys as to the legal, income tax or any other consequence of any kind arising from this Release and the settlement of this matter as between Releasor and Releasees. Releasees and their attorneys shall not be liable to Releasor if the legal, income tax or other consequences of this Release and settlement are other than those anticipated by Releasor. Releasees make no representation, promise, or assurance, implicit or otherwise, regarding the tax treatment of the settlement proceeds nor whether any liens should attach thereto.

DATED this _____ day of _____, 2014.

**CAUTION: READ BEFORE SIGNING!**
**AGREED AND APPROVED BY:**

_____
TAMARA DOWNEN, RELEASOR

STATE OF MONTANA    )
                                  ) ss:
County of _____  )

      This instrument was acknowledged before me on this _____ day of February, 2014, by Tamara Downen, on her own behalf and on behalf of the Estate of Stanley L. Downen.

                                                _____
                                                Signature of Notarial Officer

                                                _____
                                                Name of Notarial Officer (Print)
                                                Notary Public for the State of Montana
                                                Residing County _____
                                                My Commission Expires:_____.

APPROVED BY:

_____
W. Adam Duerk
Attorney for Releasor